# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:24-cv-01070-MR

| | | |
|---|---|---|
| OMARI LEWIS CRUMP, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OF |
| | ) | DECISION AND ORDER |
| LESLIE COOLEY DISMUKES, | ) | |
| Secretary, North Carolina | ) | |
| Department of Adult Correction, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon further review of the pro se Petition for Writ of Habeas Corpus filed by Omari Lewis Crump, Sr., ("Petitioner") pursuant to 28 U.S.C. § 2254 on December 11, 2024. [Doc. 1].

## I.    PROCEDURAL BACKGROUND

The Petitioner is a prisoner of the State of North Carolina. [Doc. 1]. The Petitioner was convicted on January 31, 2019, in Mecklenburg County Superior Court on charges of Second-Degree Sexual Offense, and of being a Felon in Possession of a Firearm. [Doc. 1 at 1]; State v. Crump, 273 N.C. App. 336, 848 S.E.2d 501 (2020). According to the North Carolina

Department of Adult Correction Database,[1] the Petitioner was sentenced to a term of 96 to 176 months incarceration on the sex offense charge, and a consecutive term of 17 to 30 months incarceration on the firearm charge. The Petitioner filed a direct appeal of his convictions and sentences which the North Carolina Court of Appeals affirmed in its published opinion filed September 1, 2020.  Crump, supra.  The Petitioner sought further direct review in the North Carolina Supreme Court which denied his petition on June 9, 2021.  State v. Crump, 377 N.C. 567, 858 S.E.2d 284 (2021).

On December 11, 2023, the Petitioner filed a Motion for Appropriate Relief ("MAR") in the Mecklenburg County Superior Court. [Doc. 1 at 4]. The state trial court denied Petitioner's MAR on January 10, 2024.  [Id. at 6].  The Petitioner filed a certiorari petition with the North Carolina Court of Appeals on February 16, 2024, which was denied by that court March 21, 2024.  [Id.]. The Petitioner filed his Petition for Writ of Habeas Corpus in this Court on December 11, 2024.  [Doc. 1].

In his § 2254 petition, the Petitioner raises six Grounds for relief:  (1) ineffective assistance of trial and appellate counsel for their respective failures to object to and to challenge the expert testimony provided by the

---

[1]  See  https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0570471&searchOffenderId=0570471&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (herein "NCDAC Database"); Fed. R. Evid. 201.

state's DNA analyst [Doc. 1 at pp. 7-8]; (2) ineffective assistance of trial counsel for his failure to object to the prosecutor's closing argument that vouched for a state witness [id. at 11]; (3) ineffective assistance of trial counsel for his failure to object to the prosecutor's closing argument that touched on the Petitioner's right not to testify at trial [id. at pp. 12-13]; (4) ineffective assistance of trial counsel for his failure to object to the prosecutor's closing argument accusing defense counsel of "fabricating testimony" [id. at 15]; (5) ineffective assistance of trial counsel for his failure to seek suppression of the shotgun and shells seized from the Petitioner's apartment [Doc. 1-3 at pp. 15-18]; and (6) ineffective assistance of appellate counsel for "failure to raise all of the constitutional violations filed in this petition, … on direct appeal[.]" [Id. at 18].

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1). As applicable to the Petitioner's matter herein, any petition must be filed within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

The North Carolina Court of Appeals affirmed the Petitioner's judgment of conviction September 1, 2020, and the North Carolina Supreme dismissed his petition for discretionary review on June 9, 2021. After a state's highest appellate court issues its decision in the direct appeal of a criminal case, a defendant who timely files a petition for writ of certiorari with the United States Supreme Court thereby tolls the habeas statute of limitations period while such petition is pending. If no petition for a writ of certiorari is filed in the United States Supreme Court on direct review, the one-year limitation period for filing a habeas corpus petition begins running when the time for doing so has elapsed, normally 90 days pursuant to Supreme Court Rule 13. Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002).

In this case, however, Petitioner was afforded a total of 150 days to file his certiorari petition due to a temporary rule issued by the Supreme Court in response to the then-ongoing COVID-19 pandemic. See Miscellaneous Order of July 19, 2021, 594 U.S. ---- (July 19, 2021), https://www.supreme court.gov/orders/courtorders/071921zr_4g15.pdf (in any case in which the relevant lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing was issued prior to July 19, 2021, the deadline to file a petition for a writ of certiorari remains extended to 150 days from the date of that judgment or order).

4

Since Petitioner did not seek Supreme Court review, his judgment thus became final on Monday, November 8, 2021, one hundred fifty days following the issuance of the North Carolina Supreme Court's decision denying direct review. Clay v. United States, 537 U.S. 522, 527 (2003). The AEDPA's one-year statute of limitations thus began running for 365 days on November 8, 2021, until it expired the following year on November 8, 2022. While a properly filed MAR will toll the running of the limitations period, 28 U.S.C. § 2244(d)(2), the Petitioner did not file his MAR until December 11, 2023, more than one year after the limitations period had already expired. As such, Petitioner's MAR did not toll the one-year period of limitation, nor did it resurrect it, as the MAR was filed after the one-year limitations period had already expired.  Minter v. Beck, 230 F.3d 663 (4th Cir. 2000).

The Petitioner's § 2254 petition filed in this Court December 11, 2024, is more than two years beyond the November 8, 2022, statute of limitations deadline and is subject to dismissal for that reason. Because the explanation the Petitioner provided in response to Question 18 of his petition regarding how he contends he complied with the applicable AEDAP limitations period was inapplicable,[2] the Court, in an Order entered January 21, 2026, granted

---

[2] In response to Question 18, rather than addressing the untimeliness inquiry of his *petition*, the Petitioner expounded upon the "cause" and "prejudice" showing necessary to overcome a procedurally defaulted *claim*. [Doc. 1 at pp. 21-22].

the Petitioner twenty-one days in which to show cause why this matter should not be dismissed as untimely, including any reasons why statutory or equitable tolling should apply.  [Doc. 4].

On February 17, 2026, the Petitioner filed a pro se "Response To The Court's Order." [Doc. 5]. The Petitioner's Response does not contest that his § 2254 petition is untimely pursuant to 28 U.S.C. § 2244(d)(1)(A). Instead, the Petitioner asserts that "new evidence" and "expert testimony" establish that he is actually innocent of the Second-Degree Sexual Offense conviction. [Doc. 5 at 3].

## II.    FACTUAL BACKGROUND

A detailed background of the facts adduced at trial was not provided by the North Carolina Court of Appeals in its decision.  The facts of record that were provided, however, suffice to resolve the untimeliness issue of the § 2254 petition filed herein.

According to the state appellate court, "[t]he incident leading to [Petitioner's] arrest involved an encounter with an individual initially thought to be his daughter, Kate.[3] At trial, the State presented evidence that Defendant discharged a shotgun from his apartment's balcony and forcibly

---

[3] The state appellate court used the pseudonym "Kate" as the name of the victim to protect her identity as a juvenile and for ease of reading its opinion.  Crump, 273 N.C. App. at 337, 848 S.E.2d at 502, n.1.

attempted to have sexual intercourse with Kate." <u>Crump</u>, 273 N.C. App. at 337-8, 848 S.E.2d at 502. "The State initially charged [Petitioner] with incest, but later dropped the charge." <u>Id.</u>, at 339, 848 S.E.2d at 502. At trial, the state pursued the firearms charge and, in lieu of the Incest charge, the state also pursued a Second-Degree Sexual Offense charge.

With regard to the sexual offense charge, defense counsel's theory at trial was that Kate consented to any sexual contact. In closing, defense counsel made the following statements regarding the state's unsuccessful incest case against the Petitioner, as well as statements regarding consent and sexual contact:

> The [S]tate went from a theory of incest, because everybody presumed they were related, until [the State's expert] took out her computer and looked at the [DNA] alleles and determined they weren't related.
>
> * * * * * * * *
>
> [T]he [S]tate had a slam-dunk incest case. No longer. After [the State's expert] did her scientific testing on both buccal swabs from [Kate] and from [Petitioner], the family relationship was over.
>
> * * * * * * * *
>
> I'm going to suggest to you the real operative fact in this case, as dirty and unpalatable as the facts are, is whether there was consent and whether it was by force.
>
> * * * * * * * *
>
> [Kate] signed off on it happening .... You can attach her inference to it, but I'll tell you the inference it attaches to. It attaches to this situation was consensual at that point.

<u>Crump</u>, 273 N.C. App. at 343-4, 848 S.E.2d at 505-6.

7

## III. DISCUSSION

The Petitioner's petition was not filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A). Moreover, despite being given an opportunity to do so, Petitioner has not demonstrated that his Petition is timely under § 2244(d)(1)(B), (C), or (D), nor has he shown that he is entitled to equitable tolling.  Instead, Petitioner seeks federal habeas review by this Court through the "actual innocence" gateway under Schlup v. Delo, 513 U.S. 298 (1995).  As the Petitioner notes, "[a]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … or expiration of the AEDPA statute of limitations[.]"  [Doc. 5 at 11].

In Schlup, the Supreme Court "recognized a limited 'actual innocence' exception to certain procedural bars to habeas review."  Wolfe v. Dotson, 144 F.4th 218, 233 (4th Cir. 2025) (citation and quotation marks omitted).  "[A] showing of actual innocence can serve as a 'gateway,' that is, such a showing may be utilized by a § 2254 petitioner to secure the adjudication of his otherwise defaulted constitutional claims."  Id. (citation omitted).  In McQuiggin v. Perkins, 569 U.S. 383 (2013), the Supreme Court

expanded the <u>Schlup</u> actual innocence exception to claims which would otherwise be time barred under the AEDPA. <u>McQuiggin</u>, 569 U.S. at 386.

To pass through this gateway, a petitioner must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." <u>Schlup</u>, 513 U.S. at 324. If the petitioner meets this burden, the Court must then consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial," and determine whether the petitioner has met the standard for a gateway claim of actual innocence. <u>House v. Bell</u>, 547 U.S. 518, 538 (2006) (quoting <u>Schlup</u>, 513 U.S. at 327-28) (internal quotation marks omitted). In so doing, the Court must determine "whether it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." <u>Sharpe v. Bell</u>, 593 F.3d 372, 377 (4th Cir. 2010) (quoting <u>Schlup</u>, 513 U.S. at 327-28). In making this determination, "[t]he court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors." <u>Wolfe</u>, 144 F.4th at 234.

Here, Petitioner asserts, "[i]n my petition I presented new evidence, expert testimony and court decision from N.C. Court of Appeals case, State

v. Phillips, 268, (2019.), which was decided and published eleven months after my conviction." [Doc. 5 at 3 (errors uncorrected)]. The Petitioner contends that "[t]he expert testimony and court decision rebuts the false and misleading, inaccurate and unreliable expert testimonial theory that was presented at my trial." [Id.]. The Petitioner ostensibly asserts that a state appellate court decision (concluding that a trial court's admission of certain expert DNA testimony was reversible error requiring a new trial), satisfies the Schlup standard of new reliable evidence of actual innocence that was not presented at trial. The Petitioner misapprehends the very nature of the actual innocence evidence the Schlup standard demands.

The state appellate case to which the Petitioner refers, State v. Phillips, 268 N.C. App. 623, 836 S.E.2d 866 (2019), reversed Mr. Phillips' statutory rape conviction and granted him a new trial due to the erroneous admission of expert testimony regarding DNA evidence.[4] Id. In Phillips, the state's DNA expert witness testified that the minor contributor's DNA profile was inconclusive due to the complexity and/or insufficient quality of recovered DNA. The expert also testified an "inconclusive" profile is not of sufficient quality and quantity for comparison purposes. Phillips, 268 N.C. App. at 636,

---

[4] The Phillips decision was filed December 3, 2019, after the Petitioner's January 31, 2019, conviction, but before the North Carolina Court of Appeals issued its September 1, 2020, decision on the Petitioner's direct appeal.

10

836 S.E.2d at 874. By the state prosecutor repeatedly asking the expert witness to break with the state lab's policy and established scientific procedures and testify to some alleles she could see in the minor contributor's sample, the prosecutor asked the witness to give expert opinion testimony based upon admittedly insufficient facts or data, even after the witness said such testimony would not be scientifically accurate. Id. Because the trial court erroneously allowed admission of the expert witness's testimony over Mr. Phillips' objection, the appellate court granted Mr. Phillips a new trial. Id. at 641, 836 S.E.2d at 878.

Petitioner's actual innocence claim, asserted in the way that he has in his petition and response to the Court's show cause Order, fails to allege circumstances sufficient to open the gateway for consideration of his otherwise time-barred claim. The Petitioner has presented nothing "new" as contemplated by Schlup. More significantly, however, the Petitioner has not presented any "evidence." A state appellate court decision discussing the admissibility of expert DNA testimony is not in the nature of any "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence."

In Schlup the defendant presented video evidence, unavailable at the time of his trial, showing that it was impossible for him to be present at the

11

scene of the crime.  The <u>Phillips</u> case presented by the Petitioner is nothing of the sort. In fact, the <u>Phillips</u> case is not evidence at all.  During his trial, the Petitioner's theory of defense as to the Second-Degree Sexual Offense charge was that the victim consented to the sexual contact with him, not that he had no sexual contact with her at all and was being falsely accused. To support his claim of innocence, the Petitioner has not proffered any evidence, for example, of the victim recanting her inculpatory testimony about the Petitioner or otherwise stating that the sexual contact between the two of them was consensual.  Finally, the Petitioner has articulated no innocence theory anywhere in his petition or Response to the Court's order, let alone marshaled the requisite evidence in support of one.  In lieu of any theory of innocence and actual evidence to support such theory, Petitioner offers only a list of "constitutional errors" he contends flowed from his trial attorney's alleged ineffectiveness. [Doc. 5 at pp. 6-7]. Such is not an actual innocence claim.  Therefore, Petitioner does not pass through the gateway as prescribed in <u>Schlup</u>, and the § 2254 petition must be dismissed as untimely.

## IV.    CONCLUSION

For the reasons stated herein, the Petitioner is entitled to no relief. Notwithstanding his claim of actual innocence, the § 2254 Petition for Writ of Habeas Corpus [Doc. 1] shall be dismissed as untimely. Pursuant to Rule

11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

### O R D E R

**IT IS, THEREFORE, ORDERED**:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

2. The Court **DECLINES** to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

3. The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: May 20, 2026

Martin Reidinger
Chief United States District Judge

13